OPINION
SMITH, Circuit Judge.
Glyn Richards pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of money-laundering in violation of 18 U.S.C. § 1957(a). The District Court determined his Sentencing Guidelines range to be 262 to 327 months. After explaining its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the District Court concluded that an upward variance was warranted and sentenced Richards to 360 months imprisonment. Richards appeals that sentence. We will affirm the judgment of the District Court.[1]
We review Richards’s sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc). Our review for abuse of discretion “proceeds in two stages.” Tomko, 562 F.3d at 567. First, we ensure that “the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, ... or failing to adequately explain the chosen sentence[.]” Id. Second, if a district court’s procedure was correct, we consider the sentence’s substantive reasonableness. Id. Our review for substantive reasonableness is highly deferential. Id. at 568. We will affirm the sentence “unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Id.
I.
Richards argues that his sentence is procedurally unreasonable because the District Court relied almost exclusively on the need for deterrence and the seriousness of the offense, while failing to give meaningful consideration to other § 3553(a) factors. Specifically, Richards argues that the District Court paid only “lip service” to the evidence he presented to support a downward variance: the length of time that had passed since his prior felony convictions; his family ties; his substantial good faith efforts to cooperate with the government in the investigation and prosecution of his case; and the sufficiency of a sentence at the low end of the Guideline range in deterring him from future criminal conduct. We disagree.
The District Court’s analysis of the sentencing factors enumerated in § 3553(a) was informed and adequate. See United States v. Thielemann, 575 F.3d 265, 271 (3d Cir.2009). “A sentencing court does not have to discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.” Tomko, *373 562 F.3d at 568 (emphasis in original) (internal quotation marks omitted). Throughout the course of the hearing, including when it elicited victim impact testimony and the parties’ arguments regarding the § 3553(a) sentencing factors, the District Court was presented with considerable information regarding Richards’s personal history and characteristics, much of it being highly negative. Before imposing sentence on Richards, the District Court stated that it had “taken into consideration all of the factors” in § 3553(a), and while explaining his sentence, the District Court made extensive references to several of those factors, including Richards’s personal history and characteristics. That the District Court weighed the § 3553(a) factors differently than Richards does not imply that it failed to give meaningful consideration to those factors. See United States v. Bungar, 478 F.3d 540, 546 (3d Cir.2007). Thus, we conclude that the District Court committed no procedural error in sentencing Richards. See Tomko, 562 F.3d at 567.
II.
To the extent that Richards argues that his sentence is substantively unreasonable, we reject that contention as well. During sentencing, the District Court articulated several valid reasons for the severity of the sentence. It noted the seriousness of the crime, referring to his having cheated and lied to family and friends who trusted him, and characterizing the offense as “one of the most despicable crimes imaginable,” short of a crime of violence. Also noting Richards’s continuous disrespect for the law, the District Court sentenced Richards in the hope of fostering in him a “proper respect” for the law. In addition, the District Court reasoned that the sentence would serve as an effective deterrent to Richards and others who might otherwise commit similar crimes. In light of the District Court’s stated reasons, it cannot be said that no reasonable sentencing court would have imposed the same sentence on Richards. Tomko, 562 F.3d at 567.
Accordingly, we will affirm the judgment of the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).